## Flaherty v. Scarpelli et ux.

L. D. *Savige* and *William M. Murphy*, for plaintiff.
*Jenkins & Ligi*, for defendants.

HOBAN, P. J., April 28, 1948.—In this action of assumpsit the pleadings consist of a complaint, preliminary objections thereto, containing averments of fact, and an answer to the preliminary objections. The case was submitted on the pleadings without depositions or testimony as to the issues of fact raised in the preliminary objections and the answer thereto. How-

ever, from the pleadings and the records in another case the facts are sufficiently clear.

Plaintiff brought an action against Frank *Scarpetti* before William C. Rippon, justice of the peace, and after judgment for plaintiff defendant appealed and paid the transcript costs and the costs of filing the appeal. This appeal was entered to no. 702, April term, 1947, in this court. After the filing of that appeal plaintiff brought another action naming Frank Scarpelli and Angelina Scarpelli, his wife, as defendants, the subject matter of the actions being identical, to wit, the furnishing of services and material at the special instance and request of defendants upon an oral contract on certain premises located in Blakely Borough, this county.

By their preliminary objections defendants seek to compel plaintiff to pay the costs incurred by defendants in appealing from the first action before they are compelled to make answer to the complaint in this one. We are of the opinion that defendants' position is well taken.

From the preliminary objections and the answer thereto, it is quite apparent that the name *Scarpetti* was a simple misnomer, since Frank Scarpetti and Frank Scarpelli are one and the same person. This matter could have been corrected by amendment in the first action if necessary. But now plaintiff submits that his second action against Frank Scarpelli and Angelina Scarpelli, his wife, is not the same cause of action, because it appears that at the time the contract was entered into they were under the impression that Frank Scarpelli was the owner of the premises, whereas, actually at the time defendants' son, Russell Scarpelli, was the owner and the premises were subsequently conveyed to both of the present defendants, and that the mistaken idea of ownership was an honest mistake on the part of plaintiff induced by representation of defendant, Frank Scarpelli, and

that they should not now be compelled to pay the costs of the first action, which was brought because of a mistaken idea of ownership. The difficulty with this position is that the action is based upon contract. In the complaint filed herein plaintiff says that the two defendants ordered the work and material involved. If so, they are personally responsible and the ownership of the property has nothing to do with their contract obligations. Plaintiff certainly should have known with whom he made his contract. In the first suit he says he made his agreement with Frank *Scarpetti* (Scarpelli). Now he says that he made it with Frank and Angelina Scarpelli. These positions are inconsistent and Frank Scarpelli should not be exposed to the necessity of paying the costs of the two different cases involving the same debt, just because plaintiff has changed his mind about the persons with whom he made the contract. The mistake, if any, is plaintiff's and defendants are not to be penalized therefor.

Now, April 28, 1948, the preliminary objections to the complaint are sustained. All proceedings in this case are to stay until plaintiff pays to defendant, Frank Scarpelli, the record costs in no. 702, April term, 1947, which according to the record, now amount to $9.95. Upon payment of such costs, defendants to have 15 days from the date of notice thereof to file an answer to the merits.